IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

ENNIS BRYTON,

    Plaintiff,

vs.                                        Case No.: 8:21-cv-02608-CEH-AAS

PREFERRED COLLECTION AND
MANAGEMENT SERVICES, INC.
    Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND**

COMES NOW the Defendant, PREFERRED COLLECTION AND MANAGEMENT SERVICES, INC., ("Preferred"), by and through undersigned counsel and responds to Plaintiff' motion for remand (Doc. 27)[1] pursuant to Local Rule 3.01(b), (c) and states as grounds as follows:

1. Defendant does not dispute the background facts outlined in the motion for remand. See (Doc. 27) ¶¶ 1-5, 11-14.

2. At the time of the removal on November 5, 2021, Plaintiff's complaint alleged a violation of the Fair Debt Collection Practices Act 15 U.S.C.

---

[1] There was a prior motion for remand (Doc. 10) and a response to the motion (Doc. 15) filed herein prior to the *en banc* decision in *Hunstein v. Preferred Collection & Mgmt. Servs.*, 48 F.4th 1236 (11th Cir. 2022). This action was stayed by agreement of the parties before a ruling was issued on the original motion for remand, pending the outcome of the *Hunstein en banc* review. The *en banc* decision was published on September 8, 2022. Plaintiff's current motion for remand (Doc. 27) and this response to the motion takes into account the most recent *Hunstein* decision.

1

ENNIS BRYTON –vs– PREFERRED COLLECTION AND MGMT SERV., INC.
Case No.: 8:21-cv-02608-CEH-AAS
Defendant's Response to Plaintiff's Motion to Remand (Doc. 27)

1  §1692 et seq. (FDCPA) specifically for violation of §1692c(b). At the
2  time the complaint was filed in state court (August 16, 2021), the
3  binding precedent the Eleventh Circuit regarding standing was
4  *Hunstein v. Preferred Collection and Management Services, Inc.*, 994
5  F. 3d 1341 (2021) (*Hunstein I*). *Hunstein I* was decided on April 21,
6  2021, and it held that an alleged violation of §1692c(b) gave the
7  Plaintiff Article III standing even though no damages were alleged
8  other than a mere statutory violation. *See Hunstein v. Preferred*
9  *Collection & Mgmt. Servs.*, 994 F.3d 1341, 1345 (11th Cir.
10 2021)("[w]e hold . . . that a violation of § 1692c(b) gives rise to a
11 concrete injury in fact under Article III. . . .")
12  3.  At the time of removal of this action on November 5, 2021, the
13     Eleventh Circuit panel that had decided *Hunstein, I*, granted rehearing
14     replaced its earlier opinion with a second opinion *Hunstein v.*
15     *Preferred Collection & Mgmt. Servs., Inc.*,, 17 F.4th 1016 (11th
16     Cir.2021)(decided (11th Cir. Oct. 28, 2021) (*Hunstein II*). No longer
17     unanimous, a majority of the panel (Circuit Judges Newsom and

ENNIS BRYTON –vs– PREFERRED COLLECTION AND MGMT SERV., INC.
Case No.: 8:21-cv-02608-CEH-AAS
Defendant's Response to Plaintiff's Motion to Remand (Doc. 27)

Jordan) again held that Plaintiff had standing, "we conclude that Hunstein has the requisite standing to sue." *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 17 F.4th 1016, 1033 (11th Cir. 2021) (*Hunstein II*). Thus, at the time of the removal of the action, the Eleventh Circuit twice concluded that a bare statutory violation of § 1692c(b) without any allegation of actual damages was sufficient to establish Article III standing. *See Hunstein I*. There the panel pointed out that:

> Hunstein doesn't allege a tangible harm. The complaint contains no allegations of physical injury, financial loss, or emotional distress. Instead, the complaint (1) conclusorily asserts that "[i]f a debt collector 'conveys information regarding the debt to a third party—informs the third party that the debt exists or provides information about the details of the debt—then the debtor *may well be harmed* by the spread of this information,'" and (2) vaguely references the "known, negative effect that disclosing sensitive medical information to an unauthorized third-party has on consumers[.]"

*Hunstein v. Preferred Collection & Mgmt. Servs.*, 994 F.3d 1341, 1346 (11th Cir. 2021)(emphasis added).

4. Following removal, and Defendant's filing of its amended motion to dismiss on November 10, 2021. (Doc. 8), Plaintiff filed an amended complaint on November 23, 2021, (Doc. 9). The amended complaint

ENNIS BRYTON –vs– PREFERRED COLLECTION AND MGMT SERV., INC.
Case No.: 8:21-cv-02608-CEH-AAS
Defendant's Response to Plaintiff's Motion to Remand (Doc. 27)

differed from the complaint in *Hustein*, since it added other violations in addition to the alleged violation of §1692c(b)[2] and also claimed injury to his reputation.  *See* (Doc. 9, ¶ 25).  On November 17, 2021, the Eleventh Circuit granted rehearing *en banc* and vacated the October 28, 2021 panel opinion in *Hunstein II. See Hunstein v. Preferred Collection & Mgmt. Servs.*, 17 F.4th 1103 (11th Cir. 2021).

5. Based upon the foregoing, the issue is whether the first amended complaint which differs substantially from the plaintiff's original complaint, as well as the claim in *Hunstein*, satisfies the Article III standing requirement at least at the pleading stage.

**MEMORANDUM OF LAW**

Federal court "judicial Power" is limited by the U.S. Constitution in Article III, § 2, to "Cases" and "Controversies."  *See, e.g.*, *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020).  The "case-or-controversy"

---

[2] Though the complaint in *Hustein* did allege violations of other section of the FDCPA and the Florida Consumer Collection Practices Act, section 559.72, Florida Statutes (FCCPA), those alleged violations were not considered by the Eleventh Circuit panel because Hunstein did raise them on appeal.  *See Hunstein I* 994 F.3d 1341, at 1345 n.1. ("Hunstein's appeal addresses only the portion of his complaint relating to § 1692c(b)").

ENNIS BRYTON –vs– PREFERRED COLLECTION AND MGMT SERV., INC.
Case No.: 8:21-cv-02608-CEH-AAS
Defendant's Response to Plaintiff's Motion to Remand (Doc. 27)

requirement is embodied in the doctrine of standing." *Id.* The irreducible constitutional minimum of standing contains three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury and a favorable decision must be likely to address it. *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020)(*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992)). At the pleading stage, general factual allegations of injury may suffice. These general allegations must "plausibly and clearly allege a concrete injury." *Godiva*, 2020 U.S. App. LEXIS 33995, *13 (11th Cir. Fla. 2020)(*quoting Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620 (2020)). As with other allegations at the pleading stage, plaintiffs may not rely on conclusory statements that a statutory violation caused an injury or the risk of an injury. *See Godiva*, 2020 U.S. App. LEXIS 33995, at *23. Thus, an alleged "bare procedural [statutory] violation," lacking any allegation of a concrete harm is not enough to support standing. *See Godiva*, 2020 U.S. App. LEXIS 33995, *13 (11th Cir. Fla. 2020)(*quoting Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)). A plaintiff must show that the injury is concrete (real), particularized, actual and imminent, rather than conjectural or hypothetical. *Godiva*, 2020 U.S. App. LEXIS 33995, *15

ENNIS BRYTON –vs– PREFERRED COLLECTION AND MGMT SERV., INC.
Case No.: 8:21-cv-02608-CEH-AAS
Defendant's Response to Plaintiff's Motion to Remand (Doc. 27)

(11th Cir. Fla. 2020)*(citing Spokeo, Inc.*, 136 S. Ct. at 1548; *Lujan*, 504 U.S., at 560). The most straightforward way for a plaintiff to show a concrete injury[3] is by alleging a direct harm. *See Godiva*, 2020 U.S. App. LEXIS 33995, *17. Such direct harms can be either tangible or intangible, but tangible harms such as physical injury or financial loss are the most obvious and easiest to understand. *See Id*. Standing in those cases is easily understood and applied.

A claim of damage to reputation has been found to be a concrete injury in fact to support Article III standing. *Berry v. Bank of Am., N.A.*, No. 18-cv-60722, 2018 U.S. Dist. LEXIS 106448, at *5 (S.D. Fla. June 25, 2018)(citing *Gambles v. Sterling Infosystems, Inc.*, 234 F. Supp. 3d 510, 524 (S.D.N.Y. 2017)). At this preliminary stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883-889, 111 L. Ed. 2d 695, 110 S. Ct.

---

[3] Concrete means a "real." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016); *Muransky v. Godiva Chocolatier, Inc.*, 2020 U.S. App. LEXIS 33995, *14, 979 F.3d 917, 28 Fla. L. Weekly Fed. C 2065 (11th Cir. Fla. October 28, 2020)

ENNIS BRYTON –vs– PREFERRED COLLECTION AND MGMT SERV., INC.
Case No.: 8:21-cv-02608-CEH-AAS
Defendant's Response to Plaintiff's Motion to Remand (Doc. 27)

3177 (1990)).  Further, where the allegations may be vague, and the causation theory is later determined to be untrue, then the defendant can move for summary judgment on the standing issue and demonstrate to the District Court that the allegations were sham and raised no genuine issue of fact.  *See Warth v. Seldin*, 422 U.S. 490, 526-27, 95 S. Ct. 2197, 2219 (1975).  In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," Fed. R. Civ. Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be "supported adequately by the evidence adduced at trial." *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 114-115, 60 L. Ed. 2d 66, 99 S. Ct. 1601, and n. 31 (1979).

  The allegations of the first amended complaint allege:

> The Transmitted Information affected Plaintiff's reputation.  For example, the transmission of such information affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

(Doc. 9 at ¶ 25).

  While Defendant may believe that Plaintiff will never be able to prove that

ENNIS BRYTON –vs– PREFERRED COLLECTION AND MGMT SERV., INC.
Case No.: 8:21-cv-02608-CEH-AAS
Defendant's Response to Plaintiff's Motion to Remand (Doc. 27)

the use of a letter vendor injured his reputation,[4] this case is at the pleading stage and the claim is sufficient to establish a concrete injury in fact to support Article III Standing for now. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

**PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS SHOULD BE DENIED**

The motion for remand requests an award of attorneys' fees and costs to Plaintiff pursuant to 28 U.S.C. § 1447(c).  At the time this case was removed, *Hunstein I* was binding precedent that this Plaintiff had standing.  Even after rehearing was granted, the Eleventh Circuit panel in *Hunstein II* held that a mere allegation of an alleged violation of § 1692c(b) was sufficient to establish *Article III* standing.   Section 28 U.S.C. § 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). As the Supreme Court has stated, "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable

---

[4] Or that Plaintiff will ever be able to establish the particularization requirement for Article III Standing, i.e. that it was the use of the letter vendor which was the cause of Plaintiff's reputation being injured.

ENNIS BRYTON –vs– PREFERRED COLLECTION AND MGMT SERV., INC.
Case No.: 8:21-cv-02608-CEH-AAS
Defendant's Response to Plaintiff's Motion to Remand (Doc. 27)

basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005)(citations omitted); *see also 24E Fitness, LLC v. Int. Credit Sys.*, No. 21-11888, 2022 U.S. App. LEXIS 11333, at *5 (11th Cir. Apr. 26, 2022). In this case, at the time of the removal, the complaint alleged the exact same injury as was alleged in *Hunstein*. *See* (Doc. 1-1, ¶¶ 33-36). At that time and until September 8, 2022, *Hunstein* was the binding precedent supporting removal. Had Plaintiff not amended his complaint before *Hunstein III* to allege an actual injury to his reputation in several ways, then arguably there would be a basis for remanding. However, the operative pleading does allege an injury in fact sufficient to establish standing, and therefore since an objectively reasonable basis for removal existed at the time the removal was filed, the request for fees and costs should be denied.

## **CONCLUSION**

Since the first amended complaint in this case alleges a concrete injury in fact, in particular an injury to Plaintiff's reputation in several ways, the First Amended Complaint establishes, at this preliminary stage that there is Article III Standing, and therefor the motion to remand (Doc. 27) should be denied.

ENNIS BRYTON –vs– PREFERRED COLLECTION AND MGMT SERV., INC.
Case No.: 8:21-cv-02608-CEH-AAS
Defendant's Response to Plaintiff's Motion to Remand (Doc. 27)

By:/s/ Robert A. Vigh
ROBERT A. VIGH
FBN: 0991902
SOLOMON, VIGH & SPRINGER, P.A.
P.O. BOX 3275
TAMPA, FL 33601-3275
(813) 229-0115
Rvigh@svslawfirmn.com (primary)
Robvigh@gmail.com (secondary)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 2, 2022, I electronically filed the foregoing document with the clerk of the court using CM/ECF, and that a Notice of Electronic Filing of the foregoing has been generated and is being served upon all counsel of record this date.

By:   */s/ Robert A. Vigh*
ROBERT A. VIGH
FBN: 0991902