UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ENNIS BRYTON,

    Plaintiff,

v.                                          Case No: 8:21-cv-2608-CEH-AAS

PREFERRED COLLECTION &
MANAGEMENT SERVICES, INC.,

    Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 27), which Defendant opposes (Doc. 29). Upon careful consideration, the Court will grant the motion and remand the case. However, Plaintiff's request for attorney's fees will be denied.

**I.    BACKGROUND**

This action was filed in state court in August 2021 and removed to federal court in November 2021. Doc. 1-1; Doc. 1. In his Amended Complaint, Plaintiff alleges that Defendant violated several provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"). Doc. 9.

Count One alleges that Defendant violated 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), and § 1692e(10) by attempting to collect a consumer debt without the proper licensure under Florida law. *Id.* ¶¶ 31–43. Plaintiff asserts that Defendant sent a letter threatening action that could not legally be taken, and that the letter would have

caused "the least sophisticated consumer" to believe that Defendant could lawfully collect the debt. *Id.* ¶ 42.

Count Two alleges that Defendant violated 15 U.S.C. § 1692g(a)(1) and § 1692e(2)(A) based on the contents of a collection letter it sent. *Id.* ¶¶ 44–53. Plaintiff claims that the collection letter falsely represented the character and amount of the debt and would have failed to "adequately inform the least sophisticated consumer of the true amount owed to the current creditor." *Id.* ¶ 45. Count Three alleges that Defendant communicated with a third party about the Plaintiff's debt and transmitted his personal information to that third party in violation of § 1692(c)(b). *Id.* ¶¶ 54–57. Plaintiff also claims that the "Transmitted Information affected [his] reputation," and that "the transmission of such information affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness." *Id.* ¶ 25.

The Court stayed this case for four months pending the Eleventh Circuit's en banc ruling in *Hunstein v. Preferred Collection and Management Services, Inc.,* No. 19-14434 (11th Cir.). Doc. 23. The Eleventh Circuit issued its opinion (Doc. 25-1) and Plaintiff now moves for remand on the grounds that the allegations in the Amended Complaint do not establish Article III standing. Doc. 27. He also asks the Court to award attorney's fees incurred because of the removal under 28 U.S.C. § 1447(c). *Id.* at 5. Defendant responds that the Amended Complaint sufficiently alleges an injury-in-fact and is distinguishable from the complaint in *Hunstein*. Doc. 29 at 3–4. Defendant opposes the request for fees on the basis that, at the time of removal, an alleged

2

violation of 15 U.S.C. § 1692c(b) was sufficient to establish Article III standing. *Id.* at 8–9.

## II.     LEGAL STANDARD

Removal of cases to federal court is governed by 28 U.S.C. § 1441, which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* at § 1441(a). District courts are courts of limited jurisdiction. *See Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1260–61 (11th Cir. 2000). Thus, parties seeking to invoke subject matter jurisdiction must show that the underlying claim is based upon either diversity jurisdiction (cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"), or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"). *See* 28 U.S.C. §§ 1331–1332.

Article III of the United States Constitution also limits the jurisdiction of federal courts to "Cases" and "Controversies." *See TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2203 (2021); *Lujan v. Defs. Of Wildlife,* 504 U.S. 555, 559 (1992). As such, federal courts must independently assure themselves that they have jurisdiction over a case at every stage, regardless of whether the parties raise the issue or agree that jurisdiction exists. *See Plains Com. Bank v. Long Fam. Land & Cattle Co.,* 554 U.S. 316, 324 (2008); *United*

3

*States v. Ross,* 963 F.3d 1056, 1062 (11th Cir. 2020). With regards to standing, a "bare procedural violation, divorced from any concrete harm, [cannot] satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 341 (2016); *see also Hunstein v. Preferred Collection & Mgmt. Servs., Inc.,* 48 F.4th 1236, 1243 (11th Cir. 2022). Moreover, "a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Trichell v. Midland Credit Mgmt, Inc.*, 964 F.3d 990, 997 (11th Cir. 2020) (quoting *Spokeo*, 578 U.S. at 341).

Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999); *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir. 1998). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car,* 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319–20 (11th Cir. 2001)); *see Univ. of S. Ala.,* 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal.").

### III.    DISCUSSION

Because Defendant fails to meet its burden of establishing subject matter jurisdiction—and specifically Article III standing—this case will be remanded to state court.

The Parties focus on Count Three, so the Court begins there. Plaintiff alleges that Defendant disclosed his personal information, including information related to a

4

consumer debt, to a third party without permission in violation of 15 U.S.C. § 1692c(b). Doc. 9 ¶¶ 13–14. The only allegation he makes related to harm is that the transmitted information "affected [his] reputation." *Id*. ¶ 25.

To evaluate the concreteness of an intangible injury from a statutory violation, the Supreme Court has instructed courts to look at "history and the judgment of Congress." *Spokeo*, 578 U.S. at 340. Regarding the latter, "Congress is well positioned to identify intangible harms that meet minimum Article III requirements," *Id.* at 341, but Congress may not "creat[e] new injuries out of whole cloth," *Hunstein,* 48 F.4th at 1243. Thus, courts should not end their analysis there. For the history prong, courts "look to see if it matches up with a harm 'traditionally recognized as providing a basis for lawsuits in American courts.'" *Id.* at 1242 (quoting *TransUnion v. Ramirez,* 141 S. Ct. 2190, 2204 (2021)). As relevant here, courts traditionally recognized "reputational harm" as a cognizable injury. *Hunstein,* 48 F.4th at 1244. For example, "false" or "misleading" credit reports "can lead to [a cognizable] reputational harm if publicized." *Id.* But "no reputational harm at all occurs when [false or misleading] information is kept private." *Id.*

Count Three mirrors the claim in *Hunstein*, in which a plaintiff sued a debt collector for disclosing information about his debt to a third party under 15 U.S.C. § 1692c(b). 48 F.4th at 1240. The *Hunstein* Court held that the defendant debt collector did not cause concrete harm when it transmitted information about a debt to a third-party vendor for the purposes of mailing a letter, and the existence of the debt was not

made public. *Id.* at 1250. The Eleventh Circuit explained that "where the plaintiff alleges no harm besides the violation of a statute," the question of whether concrete injury was alleged can be answered by comparing the harm caused to a harm redressed in a traditional common-law tort. *Id.* at 1239–1240. After comparing the allegations in the complaint to the common-law tort of public disclosure, it held that Hunstein had failed to allege that any of his information was publicly disclosed, and that "without publicity, a disclosure cannot possibly cause the sort of reputational harm remediated at the common law." *Id.* at 1240.

In Count Three, Plaintiff likewise alleges nothing more than a procedural violation of § 1692c(b) and therefore lacks standing. *See Hunstein*, 48 F. 4th at 1250. Defendant argues that the allegation that "[t]he Transmitted Information affected Plaintiff's reputation" sufficiently alleges a concrete injury and establishes Article III standing. Doc. 29 at 7–8. However, as was true in *Hunstein*, the Amended Complaint does not allege the essential element of publicity necessary to allege a concrete and particularized injury. *Hunstein,* 48 F.4th at 1244.

Counts One and Two do not establish Article III standing either. Count One alleges that Defendant is liable for attempting to collect from Plaintiff without possessing a valid consumer collection license in accordance with Florida law, and Count Two alleges that Defendant's failure to include certain information in a collection letter violated two FDCPA provisions.[1] Doc. 9 ¶¶ 31–53.

---

[1] Specifically, Count One alleges violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10). Count Two alleges violations of 15 U.S.C. § 1692g(a)(1) and § 1692e(2)(A).

6

However, Plaintiff does not allege that he suffered any harm, instead arguing that the "least sophisticated customer" could have been misled by Defendant's statutory violations. *Id.* ¶¶ 42, 45, 48, 51, 52. The Eleventh Circuit has held that a plaintiff who claims to have received misleading communications, but was not misled in any way, fails to sufficiently allege an injury-in-fact. *Trichell v. Midland Credit Mgmt., Inc.,* 964 F.3d 990, 1001–1004 (11th Cir. 2020). Based on the same reasoning, because Plaintiff does not claim that he was misled or suffered any harm from these statutory violations, Plaintiff's claims do not meet the requirements for Article III standing, and Defendant is unable to meet its burden of showing that federal jurisdiction is proper here. As such, the case will be remanded to state court.

Plaintiff asks the Court to award attorney's fees for the costs of the remand proceedings. Doc. 27 ¶ 17. Defendant opposes, arguing that Plaintiff had standing at the time of removal, before the en banc *Hunstein* decision was issued. Doc. 29 at 8–9. The Court agrees and will deny Plaintiff's request for fees, because there was an objectively reasonable basis for subject matter jurisdiction at the time of removal. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). Defendant had an objectively reasonable basis for subject matter jurisdiction at the time of removal because binding precedent held that 15 U.S.C. § 1692c(b) claims based on a debt collector sharing information with a third party (like the claims in Count

Three) sufficiently established an injury-in-fact and Article III standing. *Hunstein v. Preferred Collection and Management Services, Inc.,* 994 F.3d 1341 (2021).

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for Remand (Doc. 27) is **GRANTED**.

2. This case is **REMANDED** to the County Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

4. The Clerk is further directed to **TERMINATE** any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on May 31, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties